(No. 4213-

WILLIAM F. NOMMENSEN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 14, 1950.*

ROY A. PTACIN, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

Claimant, William F. Nommensen, was employed by the Department of Public Welfare of the State of Illinois at the Chicago State Hospital, which takes care of mentally ill patients.

Claimant was first ·employed on March 15, 1943, and on March 6, 1949, while in the course of his employment, was attacked by a patient, struck over the head with a milk bottle, and sustained multiple lacerations to the scalp and head.

He was treated by Dr. Olsman of the Hospital, and later was seen by Dr. Albert C. Field.

Dr. Albert C. Field testified that he examined the claimant on May 14, 1949, and found that he had on the left frontal region of his head a scar $2\frac{3}{4}''$ long, which was discolored and tender on palpation; above the left eye, and partially obscured by some of the scattered hairs of the eyebrow, there was a scar about a half inch above the eyebrow, and another scar about three quarters of an inch; and that in his opinion the scars were permanent, and that the scar $2\frac{3}{4}''$ · was apparent about

10 feet away, but that the scar above the eyebrow was not apparent at such distance.

Claimant's earnings for the year immediately preceding his injuries were $2,100.00. He was married, but had no children, and his compensation rate would be computed at the rate of $19.50 per week.

There are no jurisdictional questions involved, and it is stipulated that both of the parties operated under the terms and provisions of the Workmen's Compensation Act.

Claimant seeks an award of $1,500.00 for serious and permanent disfigurement to his head and face.

It has been held by this Court in numerous decisions, particularly in the case of *Jesse, Et Al* vs. *State of Illinois,* 16 C.C.R. page 13, as follows:

"A compensable disfigurement must not only be permanent and serious, but must be such a disfigurement as affects a person's employment. Where a person is able to procure employment similar to that in which he was engaged at the time of injury, which caused a disfigurement, with no reduction of earnings, an award is not justified." (*Tyler* vs. *State of Illinois,* 12 C.C.R. 101.)

There was no testimony in this case by either the claimant, nor any physician, that the disfigurements the claimant sustained would in any way effect a reduction of his earnings, or would make him less apt to be able to procure employment similar to that in which he was engaged at the time of the injury. On the contrary the evidence shows that the claimant has continued in his employment with no reduction in his earning capacity.

However, the evidence does show that the claimant sustained some permanent disfigurement to his face, and, therefore, the Court feels that an award of one-third of the total amount that could be awarded for disfigurement would be justified.

William J. Cleary & Co. have submitted a statement·

for reporting services in the amount of $38.20, which the Court finds to be reasonable, and therefore entitled to said payment.

On the basis of this record, we make the following award:

For permanent and serious disfigurement to the head and face an amount of $433.33, all of which has accrued and is payable forthwith.

An award is also entered in favor of William J. Cleary & Co. for stenographic services in the amount of $38.20.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."